IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | No. C-11-3812 MMC |
| BRUCE ALLEN BLANKENHORN, | Bankruptcy Case No. 11-31835 TC |
|     Debtor. | **ORDER DENYING APPELLANT'S MOTION FOR STAY PENDING APPEAL** |
| DANIEL J. ROSENBLEDT, Trustee of Rosenbledt PIE Trust Dated March 15, 2000, | |
|     Movant | |
| v. | |
| BRUCE ALLEN BLANKENHORN, et al., | |
|     Respondents. | |

    Before the Court is appellant Bruce Allen Blankenhorn's ("Blankenhorn") "Motion for Stay Pending Appeal," filed September 21, 2011. Having read and considered the motion, the Court rules as follows.

    On May 11, 2011, Blankenhorn filed a petition for bankruptcy protection under Chapter 7 of the Bankruptcy Code. (See In re Blankenhorn, Case No. 11-31835 TC (hereinafter "Bankr. Docket"), Docket No. 1.) The filing of said petition "operate[d] as a stay" of, inter alia, "the enforcement against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under [the Bankruptcy Code]."

See 11 U.S.C. § 362(a)(2). On May 17, 2011, appellee Daniel J. Rosenbledt ("Rosenbledt") filed in the bankruptcy court a motion seeking relief from the stay, pursuant to 11 U.S.C. § 362(d). (See Bankr. Docket No. 10.)

In particular, Rosenbledt sought an order allowing him to enforce a judgment, filed April 27, 2011 in the Superior Court of California, in and for the County of San Mateo, which judgment "decreed that [ ] Rosenbledt . . . have and recover from [ ] Blankenhorn possession of the premises located at 990 Avenue Alhambra, El Granada, San Mateo County, California, 94018." (See Bankr. Docket No. 10, Parts 1 and 6.)[1] On June 19, 2011, the bankruptcy court granted Rosenbledt's motion (see Bankr. Docket No. 25), and, on July 12, 2011, denied Blankenhorn's motion for reconsideration of the June 19, 2011 order (see Bankr. Docket No. 38).

On July 26, 2011, Blankenhorn filed a notice of appeal from the orders filed June 19, 2011 and July 12, 2011, and, by the instant motion, seeks an order staying the bankruptcy court's orders.[2]

An appellant seeking to stay a bankruptcy court's order pending appeal must establish the following: "(1) appellant is likely to succeed on the merits of the appeal; (2) appellant will suffer irreparable injury; (3) no substantial harm will come to appellee; (4) the stay will do no harm to the public interest." See In re Universal Life Church, Inc., 191 B.R. 433, 444 (E.D. Cal. 1995).

With respect to the first of the above-referenced factors, Blankenhorn argues that he is likely to succeed because Rosenbledt purchased the subject real estate at a foreclosure sale, and, according to Blankenhorn, the foreclosure sale was void due to alleged "insufficient and fraudulent[ ]" conduct by "mortgagee banks." (See Mot for Stay at 1.) Blankenhorn, however, offers no evidence to support any of his assertions. More

---

[1] According to Rosenbledt, Blankenhorn did not appeal the state court judgment. (See Bankr. Docket No. 48, Part 2.)

[2] Before filing the instant motion, Blankenhorn sought a stay from the bankruptcy court. By order filed September 19, 2011, the bankruptcy court denied the motion.

2

importantly, the propriety of the foreclosure sale and the state judgment obtained by Rosenbledt was not before the bankruptcy court, and is not before this Court.[3] The sole issue presented to the bankruptcy court was whether Rosenbledt demonstrated that, under the standards set forth in § 362(d), he was entitled to an order allowing him to enforce the judgment he obtained from the state court. With respect to said sole issue, Blankenhorn has failed to show any likelihood of success on the merits of the instant appeal, and, indeed, makes no argument that the bankruptcy court's order was improper under § 362(d). Consequently, Blankenhorn fails to make the requisite showing for a stay pending appeal.[4]

Moreover, a stay imposed by § 362(a) ends when a "discharge is granted." See 11 U.S.C. § 362(c)(2)(C). The bankruptcy court granted a discharge to Blankenhorn on August 19, 2011. (See Bankr. Docket No. 53.) Consequently, it would appear that the instant appeal is moot.

Accordingly, the motion for a stay is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  September 22, 2011

MAXINE M. CHESNEY
United States District Judge

---

[3] Neither the bankruptcy court nor this Court has jurisdiction to consider the propriety of the state court judgment. See In re Warfel, 268 B.R. 205, 208 n.4 (9th Cir. BAP 2001) (holding bankruptcy courts, as well as courts reviewing bankruptcy court orders, "lack jurisdiction to review the propriety of [a] final state court judgment").

[4] In light of the Court's findings with respect to the first factor, the Court does not address herein the remaining factors. See In re Matter of Forty-Eight Insulations, Inc., 115 F.3d 1294, 1301 (7th Cir. 1997) (affirming order denying stay of order pending appeal, where appellant failed to show likelihood of success on merits of appeal; holding "the court's inquiry into the [other factors] is unnecessary").