IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | No. C-11-3812 MMC |
| BRUCE ALLEN BLANKENHORN, | Bankruptcy Case No. 11-31835 TC |
| Debtor. | **ORDER DENYING APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF; DIRECTING APPELLANT TO SHOW CAUSE WHY APPEAL SHOULD NOT BE DISMISSED FOR FAILURE TO DESIGNATE RECORD** |
| DANIEL J. ROSENBLEDT, Trustee of Rosenbledt PIE Trust Dated March 15, 2000, | |
| Movant | |
| v. | |
| BRUCE ALLEN BLANKENHORN, et al., | |
| Respondents. | |

Before the Court is appellant Bruce Allen Blankenhorn's "Motion for Extension of Time to File Brief in Chief," filed September 15, 2011. Appellee has not filed a response thereto. Having read and considered the motion, the Court rules as follows.

By a Clerk's notice filed August 3, 2011, appellant is required to "serve and file a brief not exceeding 25 pages in length 28 days after the record on appeal has been entered on the District Court docket." (See Notice, filed August 3, 2011.) By the instant motion, appellant, who proceeds pro se, seeks "an additional thirty (30) days to file his brief in chief to allow for completion of the appellate record." (See Pl.'s Mot. at 1.)

To date, the record on appeal has not been entered on the District Court docket. Consequently, the time for appellant to file his opening briefing has not begun to run.

Accordingly, appellant's motion is hereby DENIED.

Further, as set forth below, it appears appellant has failed to take any steps to designate the record on appeal. Under such circumstances, appellant will be ordered to show cause why the above-titled appeal should not be dismissed.

"Within 14 days after filing the notice of appeal . . . , the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal . . . ." Fed. R. Bankr. P. 8006. "Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense." Id. "If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost." Id.

Here, on July 26, 2011, appellant filed his notice of appeal with the Clerk of the Bankruptcy Court, and, on August 1, 2011, filed an amended notice of appeal. The docket of the bankruptcy court proceeding, see In re Blankenhorn, Case No. 11-31835 TC, however, contains no entry showing appellant has, at any time thereafter, let alone within the time required by Rule 8006, filed a designation of items to be included in the record on appeal.[1]

"An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a); see, e.g., In re Champion, 895 F.2d 490, 492 (8th Cir. 1990) (affirming

---

[1] Although appellant asserts he has "requested the transcription of the record to be included in the appellate record" (see Mot. at 1), the docket of the bankruptcy proceeding includes no such request.

1  dismissal of bankruptcy appeal, where appellant failed to file designation of record).

2  Accordingly, appellant is hereby ORDERED TO SHOW CAUSE, in writing and no later than October 7, 2011, why the above-titled appeal should not be dismissed pursuant to Rule 8001(a). In the event appellant wishes to argue that he has properly designated the record, appellant shall file a copy of the designation(s) he has submitted to the Clerk of the Bankruptcy Court, and, in the event he has designated a transcript, shall file a copy of the request for a transcript he has submitted to the Clerk of the Bankruptcy Court, as well as a statement setting forth the arrangements he has made to pay for the transcript. See Fed. R. Bankr. P. 8006.

No later than October 14, 2011, appellee shall file any reply to appellant's response.

As of October 14, 2011, the Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated: September 22, 2011

_____
MAXINE M. CHESNEY
United States District Judge