IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:                                              No. C-11-3812 MMC

BRUCE ALLEN BLANKENHORN,                            Bankruptcy Case No. 11-31835 TC

    Debtor.                                         **ORDER DISMISSING APPEAL**
_____

DANIEL J. ROSENBLEDT,

    Movant

  v.

BRUCE ALLEN BLANKENHORN, et al.,

    Respondents.
_____/

    By order filed September 22, 2011, the Court directed appellant Bruce Allen Blankenhorn ("Blankenhorn") to show cause, in writing and no later than October 7, 2011, why the above-titled appeal should not be dismissed for failure to prosecute. Blankenhorn has not filed a response to the order to show cause. Having reviewed the matter, the Court rules as follows.

    At the outset, the Court notes that, subsequent to the above-referenced order, Blankenhorn filed a notice of appeal from a different order issued by this Court on September 22, 2011, specifically, an Order Denying Appellant's Motion for Stay Pending Appeal.[1] Although "the filing of a notice of appeal generally divests the trial court of

---

[1] In the notice of appeal thereof, Blankenhorn incorrectly characterizes the Order Denying Appellant's Motion for Stay as an order "denying [Blankenhorn's] appeal of the bankruptcy court as moot." (See Notice of Appeal, filed September 26, 2011, at 1.)

jurisdiction," see In re Silberkraus, 336 F.3d 864, 869 (2003), "an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case," see Plotkin v. Pacific Telephone & Telegraph Co., 688 F.2d 1291, 1293 (9th Cir. 1982) (holding district court had jurisdiction to "enter summary judgment during pendency of [an] appeal from [an] interlocutory order denying injunctive relief"); see also In re Forty-Eight Insulations, Inc., 115 F.3d 1294, 1299-1300 (7th Cir. 1997) (1997) (holding district court order denying stay of bankruptcy court order pending appeal is interlocutory order).  Accordingly, the Court has jurisdiction to consider whether the instant appeal should be dismissed for failure to prosecute.

As noted, Blankenhorn failed to file a response to the September 22, 2011 order to show cause, and, consequently, has provided no explanation for his failure to prosecute and, in particular, for his failure to comply with Rule 8006 of the Federal Rules of Bankruptcy Procedure.  See Fed. R. Bankr. P. 8006 (providing that "[w]ithin 14 days after filing the notice of appeal . . . , the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal").[2]  In an abundance of caution, the Court nonetheless has reviewed the docket of the bankrupty court proceedings.  See In re Blankenhorn, Case No. 11-31835 TC.  As was the case at the time the Court filed its order to show cause, however, said docket contains no entry designating the items to be included in the record on appeal.

Accordingly, Blankenhorn having failed to prosecute his appeal and having failed to set forth any explanation for said failure, the Court hereby DISMISSES the appeal.

**IT IS SO ORDERED.**

Dated: October 28, 2011

MAXINE M. CHESNEY
United States District Judge

---

[2] The notice of appeal from the Bankruptcy Court's order was filed on July 26, 2011.

2